

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-1997

# USA v. Khalil

Precedential or Non-Precedential:

Docket 96-1695

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"USA v. Khalil" (1997). *1997 Decisions*. Paper 278.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/278

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed December 17, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-1695

UNITED STATES OF AMERICA

v.

NADEEM KHALIL, a/k/a DEAN

      Nadeem Khalil,

      Appellant

Appeal from the United States District Court
For the Eastern District of Pennsylvania
D.C. No.: 95-cr-00577-01

Submitted Under Third Circuit LAR 34.1(a)
December 2, 1997

Before: COWEN, MCKEE, and ROSENN, Circuit Judges.

(Opinion Filed December 17, 1997)

      William C. Nugent, Esq.
      Office of the United States Attorney
      Suite 1250
      615 Chestnut Street
      Philadelphia, PA 19106
      Counsel for Appellee

Louis R. Busico, Esq.
234 South State Street
Newtown, PA 18940
Counsel for Appellant

Mr. Nadeem Khalil #18996-050
Ashland FCI
P.O. Box 6001
Ashland, KY 41105-6001

OPINION OF THE COURT

ROSENN, Circuit Judge.

On October 17, 1995, a federal grand jury, sitting in the United States District Court for the Eastern District of Pennsylvania, indicted the appellant, Nadeem Khalil, along with seven other individuals, and charged him with conspiracy, copyright infringement, trafficking in counterfeit labels, money laundering conspiracy, and money laundering, in violation of 18 U.S.C. SS 371, 2319, 2318, 1956, and 1957, and sought criminal forfeiture pursuant to 18 U.S.C. S 982, for his involvement in a large-scale criminal enterprise which unlawfully manufactured and distributed counterfeit audio tapes. On October 10, 1996, the appellant pleaded guilty to 17 of the 20 counts of this indictment. Thereafter, he cooperated with the Government by providing it with detailed information concerning the criminal conduct of the other individuals involved in the illegal audio tape business, and he also testified for the Government in the subsequent criminal trial of those individuals, United States v. Yaser Allan, et al., Crim. No. 95-578 (E.D. Pa. May 21, 1997). Because of Khalil's substantial assistance in prosecuting the Allan case, the Government, pursuant to S 5K1.1 of the United States Sentencing Guidelines, filed a motion with the court to depart downward from the Guidelines.

The district court granted the Government's motion and reduced his offense level by five. This brought Khalil's guideline range to between 63 and 78 months of incarceration. The court then sentenced him to a 72 month

term of imprisonment, followed by 3 years of supervised release, along with a fine of $2,500 and a special assessment of $850. Khalil timely appealed. We affirm.

On appeal, Khalil takes issue only with the extent of the downward departure allowed by the district court. The threshold issue, therefore, as stated by the appellant, is whether the extent of the district court's downward departure from the applicable sentencing guideline range pursuant to the court's granting of the Government's 5K1.1 motion is subject to appellate review.

Before the enactment of the Guidelines, a sentence by a federal court within statutory limits was, for all practical purposes, not reviewable on appeal. See Koon v. United States, 116 S. Ct. 2035, 2045-46 (1996). However, the Sentencing Reform Act of 1984, 18 U.S.C. S 3551, et seq., made far-reaching changes in federal sentencing, one of which was to allow a convicted defendant, under certain circumstances, to appeal his sentence. But the Act does not allow a convicted defendant to appeal from a discretionary downward departure of his sentence.

> The Act altered this scheme in favor of a limited appellate jurisdiction to review federal sentences. 18 U.S.C. S 3742. Among other things, it allows a defendant to appeal an upward departure and the Government to appeal a downward one. SS 3742(a), (b).

Koon, 116 S. Ct. at 2046.

Khalil raises no legal question with respect to the downward departure of his sentence but challenges only the extent of the district court's exercise of discretion. Thus, under Koon, we have no jurisdiction to review Khalil's appeal from the district court's discretionary downward departure of his sentence. Our decision is consistent with the law of other circuits, and reaffirms the law of this circuit, first stated in United States v. Parker, 902 F.2d 221 (3d Cir. 1990), wherein we held that because "we did not have jurisdiction to entertain an appeal when the district court refused to exercise its discretion to depart downward from the guidelines," it surely follows that we could not possibly have jurisdiction to hear an appeal by a defendant where there has been some exercise of the court's

3

discretion to depart downward. Id. at 222; accord United States v. Senn, 102 F.3d 327, 331 (7th Cir. 1996); United States v. McCarthy, 97 F.3d 1562, 1577 n.5 (8th Cir. 1996), cert. denied sub nom, Thompsen v. United States, 117 S. Ct. 1101 (1997) and Houston v. United States, 117 S. Ct. 1284 (1997); United States v. Hill, 70 F.3d 321 (4th Cir. 1995); United States v. Bureau, 52 F.3d 584, 595 (6th Cir. 1995); United States v. Hanna, 49 F.3d 572, 576 (9th Cir. 1995); United States v. Doe, 996 F.2d 606 (2nd Cir. 1993); United States v. Gonzalez-Perdomo, 980 F.2d 13 (1st Cir. 1992).

Accordingly, the appeal will be dismissed for want of jurisdiction.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

4