### ORDER

Linda Dale Hoffa, Philadelphia, PA, for U.S.

Guy R. Sciolla, Philadelphia, PA, Hope C. Lefeber, Philadelphia, PA, for Defendant.

Thomas Tiedemann, Fairton, NJ, pro se.

**UNITED STATES**

v.

**Thomas TIEDEMANN.**

**No. Crim. 95–406–1.**

United States District Court, E.D. Pennsylvania.

Jan. 23, 1998.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

By Memorandum and order dated September 12, 1997, the court denied defendant Thomas Tiedemann's ("Tiedemann") motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Tiedemann filed a notice of appeal, and the Court of Appeals remanded "for the sole purpose of either issuing a certificate of appealability or stating reasons why a certificate of appealability should not issue." For the reasons stated below, a certificate of appealability will be denied.

On December 4, 1995, Tiedemann entered a plea of guilty to attempt to possess with intent to distribute phenyl–2–propanone. The court sentenced Tiedemann on April 16, 1996, at offense level 23 (26 less .3 for acceptance of responsibility). The sentence was based on a reduction in Tiedemann's criminal history category from category VI (14 points) to category V and a downward departure under United States Sentencing Guideline (the "Guidelines") § 5K1.1.

Tiedemann's original § 2255 petition argued the court should have used the Guidelines in effect in 1990 at the time of offense,

rather than the Guidelines in effect at sentencing in 1995. As stated in the court's September 12, 1997, Memorandum and Order, the 1995 Guidelines were more favorable to Tiedemann as to the offense level. Tiedemann also argued the criminal history points were incorrectly calculated. But the criminal history points were the same under both the 1990 and 1995 Guidelines. Tiedemann suffered no injury through the use of the 1995 Guidelines.

■ Tiedemann claimed there should have been a greater downward departure for his assistance to law enforcement officers. The court had discretion in determining the extent of the downward departure. The court's downward departure of 9–30 months (in effect, a reduction of the offense level by 3), in the face of Tiedemann's threat to kill a federal agent, was appropriate. The Sentencing Reform Act of 1984, 18 U.S.C. § 3551, *et seq.*, "does not allow a convicted defendant to appeal from a discretionary downward departure of his sentence." *United States v. Khalil*, 132 F.3d 897, 898 (3d Cir.1997).

Tiedemann filed a supplemental memorandum in support of his § 2255 petition based on alleged double jeopardy, entrapment and prosecutorial misconduct. Tiedemann's allegations were based on a misunderstanding of applicable law; these claims did not survive his plea of guilty.

Tiedemann, raising three arguments, has filed a brief in support of his application for a certificate of appealability. First, he argues his former lawyer Barnaby Wittles, Esq., had a conflict of interest that deprived Tiedemann of his constitutional right to effective assistance of counsel. This argument was not raised in Tiedemann's petition for habeas relief; the court will not consider arguments based on new legal theories presented for the first time in an application for certificate of appeal.

Second, Tiedemann claims the court should have departed from the Guidelines under *Koon v. United States*, 518 U.S. 81, 116 S.Ct.

2035, 135 L.Ed.2d 392 (1996), because Tiedemann previously had been convicted in state court for substantially the same conduct underlying his federal trial. Tiedemann did not raise this argument in his habeas petition and the court will not consider it for the first time now.

■ Third, Tiedemann claims the court improperly included his conviction for driving under the influence in the Guideline calculations because the crime actually was a misdemeanor and he was unrepresented by counsel. Regardless of the fact that Tiedemann may have been sentenced to less than one year imprisonment, driving under the influence of alcohol is punishable by up to two years imprisonment in Pennsylvania. *See* 75 Pa.Cons.Stat.Ann. § 3731(e). The court asked Tiedemann and his counsel at sentencing whether the presentence report contained any inaccurate factual statements, and they both stated it did not. *See* Sentencing Transcript at 2–4. Tiedemann is bound by that statement.

"A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1] Because Tiedemann's claims were without merit, he did not make the required "substantial showing" of any constitutional violations. A certificate of appealability will be denied.

1. The remand from the Court of Appeals also directs the court to consider whether a certificate of appealability should be issued under Federal Rule of Appellate Procedure 22(b) (establishing requirement for certificate of appealability in ha-

beas petitions involving state court process) and Local Appellate Rule 22.2 (dealing with habeas petitions in death penalty cases). Neither rule is applicable to Tiedemann, a federal prisoner not sentenced to death.