

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2002

# USA v. Cap

Precedential or Non-Precedential:

Docket 1-1835

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Cap" (2002). *2002 Decisions.* Paper 133.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/133

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 01-1835

———————

UNITED STATE OF AMERICA

v.

SEDRIC CAP,

Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 99-cr-00056)
District Judge:  The Honorable Jerome B. Simandle

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
Thursday, January 17, 2002

Before: RENDELL, FUENTES and MAGILL*, Circuit Judges

(Opinion Filed:  February 15, 2002          )

———————————————

MEMORANDUM OPINION

———————————————


     * Honorable Frank J. Magill, United States Circuit Judge for the
Eight Circuit,
sitting by designation.

FUENTES, Circuit Judge:

On November 21, 2000, Sedric Cap pled guilty to a one-count information charging him with conspiracy to distribute and to possess with the intent to distribute more than one kilogram of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. 846. The guilty plea was pursuant to a negotiated plea agreement dated November 20, 2000, between Cap and the United States Attorney for the District of New Jersey.

The plea agreement stated, in pertinent part, that if Cap pled guilty to the one-count indictment, and complied with the other terms of the agreement, the government would not bring any further indictment against Cap relating to the methamphetamine charge. In addition, the plea agreement provided that if Cap would cooperate with the United States Attorney's Office for the District of New Jersey, and if such cooperation would constitute substantial assistance in the investigation or prosecution of one or more persons who had committed offenses, the government would move the sentencing judge for a downward departure from the applicable guideline range pursuant to U.S.S.G. 5K1.1, and for a downward departure from the applicable statutory mandatory minimum term of imprisonment pursuant to 18 U.S.C. 3553(e).

Cap, in fact, did comply with all of the terms of his plea agreement and provided cooperation sufficient to trigger the government's obligation under the plea agreement to file downward departure motions in connection with his sentencing. The government subsequently filed and the District Court granted the government's motions.

On March 28, 2001, the District Court sentenced Cap to a term of imprisonment of 100 months, departing downward from the otherwise applicable sentencing guideline range minimum by sixty-eight months, and departing downward from the otherwise applicable statutory mandatory minimum term of incarceration by twenty months. The District Court also imposed a fine of $500, which represented a substantial downward departure from the otherwise applicable fine range of $17,500 to $4,000,000. Cap was also sentenced to five years of supervised release, post-incarceration. Cap's attorney has

indicated that, immediately following his sentencing, Cap stated that he was dissatisfied with the amount of the downward departure granted by the District Court.

On April 6, 2001, Cap filed a timely notice of appeal with this court. By letters dated May 29, 2001 and June 6, 2001, Cap's counsel advised Cap that he had been unable to determine any non-frivolous issues for appeal, informed Cap that he intended to file a brief of this nature, and invited Cap to advise him of any issue which Cap would like him to investigate, in order to raise on appeal. On June 19, 2001, after receiving no response to his letters, Cap's attorney filed a brief with this Court pursuant to Anders v. California, 386 U.S. 738 (1967), expressing his belief that Cap could not raise any non-frivolous issues for this Court's review, and requesting permission to withdraw his representation. Also pursuant to Anders, a copy of counsel's brief was furnished to Cap, who was informed of his right to file a supplemental pro se brief, raising any issues that Cap believed to be non-frivolous. See, Id. at 744; 3d Cri. LAR 109.2(a) (2000). Cap has failed to file any such brief.

As required by Anders, Cap's attorney's brief has referred this court to those issues and portions of the record that might arguably support an appeal. See, Anders 386 U.S. at 744. For instance, Cap's attorney notes, and the record substantiates, that Cap was expressly advised of his constitutional right to trial and the waiver thereof in connection with the entry of his guilty plea, and that he subsequently knowingly and voluntarily entered into his plea agreement. See, Appellant's Appendix at A20-26. Furthermore, Cap's guilty plea provided substantial benefit to Cap in exchange for his cooperation, and there is no indication or claim of bad faith or unconstitutional motive by the government in fulfilling the terms of the plea agreement. See, U.S. v. Swint, 223 F.3d 249 (3d Cir. 2000) ("District courts, as well as reviewing courts...retain the ability to...determine whether both parties have complied with the terms of a plea agreement [examining the record for] bad faith or unconstitutional motive on the part of the government").

With regard to Cap's only indication of dissatisfaction with the proceedings below, counsel correctly advised Cap that this court has no jurisdiction to review the extent or

degree of a district court judge's discretionary downward departure from the applicable sentencing guideline range. See, U.S. v. Khalil, 132 F.3d 897, 898 (3d Cir. 1997).

Therefore, after a careful review of the briefs and the accompanying materials of record, we will affirm the District Court's acceptance of Cap's guilty plea and its imposition of sentence. We find that Cap's counsel has fulfilled his responsibility under our precedent to "thoroughly [and responsibly] scour the record in search of appealable issues." See, U.S. v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000). We have conducted an independent examination of the record before us, and we agree with counsel that there are no non-frivolous issues that justify review. See, U.S. v. Youla 241 F.3d 296, 300 (indicating that the second prong of a reviewing court's Anders analysis is an independent review to determine whether appellant's case presents any non-frivolous issues for appeal). Because counsel has complied with all procedures specified in Anders, we will grant his motion for withdrawal.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


/s/Julio M. Fuentes

_____

                                        Circuit Judge