

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-2-2002

# USA v. Vasquez

Precedential or Non-Precedential:

Docket No. 01-2158

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Vasquez" (2002). *2002 Decisions.* Paper 235.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/235

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 01-2158


UNITED STATES OF AMERICA

v.

QUINTINO VASQUEZ,
                              Appellant


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 98-cr-00499-3)
District Judge:  Hon. J. Curtis Joyner


Submitted Under Third Circuit LAR 34.1(a)
April 1, 2002

Before:  SLOVITER, FUENTES and MICHEL,* Circuit Judges

(Filed: April 2, 2002)


OPINION OF THE COURT

_____

    *    Hon. Paul R. Michel, United States Court of Appeals for the Federal Circuit,
    sitting by designation. SLOVITER, Circuit Judge.
                                I.
    As appellant Quintino Vasquez states in his brief: "The only issue raised in this
appeal is the extent of the departure granted by the Court."  Appellant's Br. at 3.
Vasquez, who was charged in a five-count indictment, pled guilty to three counts:
conspiracy, in violation of 21 U.S.C.    846 (count one); possession with intent to
distribute a controlled substance within one thousand feet of a school, in violation of 21
U.S.C.    860 (count four); and carrying and aiding and abetting the carrying of a firearm
during and in relation to a drug trafficking crime, in violation of 18 U.S.C.    924(c)
(count five).  Vasquez entered the guilty plea pursuant to a cooperation agreement with
the government.
    The Presentence Investigation Report found that the base offense level was 31 and
the criminal history was 0.  Because there was a ten year mandatory on counts one and
four, and a five year consecutive mandatory on count five, the range became 180 to 195
months.  During the sentencing hearing, the government confirmed the assistance given
by Vasquez, stating that he "provided some important additional details" and that even
the information that he provided that was untimely "was still helpful to the government."
App. at 21-22.  The government moved for a downward departure pursuant to U.S.S.G.
5K1.1 and 18 U.S.C.    3553(e).  The District Court granted the motion and departed
downward 36 months in total, making the net sentence 144 months of incarceration
followed by five years of supervised release.  Vasquez filed a timely notice of appeal.  He
asks this court to review the District Court's discretionary decision to grant a three year

departure.

## II.

Although this court may review sentencing errors based upon a mistake of law or incorrect application of the Guidelines, United States v. Torres, 251 F.3d 138, 145 (3d Cir. 2001) (citing United States v. Spiropoulos, 976 F.2d 155, 160 n.2 (3d Cir. 1992)), we lack jurisdiction to review the District Court's discretionary decision to depart only three years. See Torres, 251 F.3d at 143; United States v. Khalil, 132 F.3d 897, 898 (3d Cir. 1997) (holding that extent of district court's discretionary downward departure from applicable sentencing guidelines range, pursuant to government's motion for departure based on defendant's substantial assistance to government, pursuant to U.S.S.G.   5K1.1 was not subject to appellate review).

First, appellant attacks the propriety of the District Court's discretionary decision to depart only three years from the guidelines. Pursuant to Torres, this court lacks jurisdiction to review that decision. Torres, 251 F.3d at 143; Khalil, 132 F.3d at 898.

Second, Vazquez appears to suggest that the District Court did not adequately analyze the evidence before it when considering the government's departure motion. In Torres, we stated:

> [W]hen presented with a motion for downward departure a sentencing judge must, at the very minimum, indicate his or her consideration of   5K1.1's five factors in determining whether and to what extent to grant a sentencing reduction. Further, a sentencing judge must indicate his or her consideration of any factors outside those listed in   5K1.1. We strongly urge sentencing judges to make specific findings regarding each factor and articulate thoroughly whether and how they used any proffered evidence to reach their decision.

251 F.3d at 147. This is to ensure that a sentencing judge "is meeting his or her solemn duties in the most responsible way possible." Id. Finally, the district court's consideration of the "seriousness of the crime" and the "impact on the victim" in determining the extent of a departure under   5K1.1. is well within its discretion. Id. at 148 (citing United States v. Casiano, 113 F.3d 420, 431 (3d Cir. 1997)).

A district court's consideration of the   5K1.1 factors will be adequate if it balances the seriousness of the defendant's offense against his or her efforts to assist the government's investigation. Id. at 149. Although in Torres the government characterized Torres' assistance as "substantial and important," "vital," "diligent[] and aggressive," "very helpful," "extraordinary," "pro-active," "tremendously significant," "immensely significant," and of "enormous benefit," Torres, 251 F.3d at 144, the district departed only one month from the guidelines. The district court in Torres explained:

> We have heard what he has said. We have heard what his attorney has said with regard to this apparent rehabilitation of Mr. Torres. However, it remains that Mr. Torres, nevertheless, committed a serious crime in 1991 and for that he should be punished.
>
> Now, the extent of punishment can readily be tempered by the grant, which I do, of the motion 5K1.1. But, I'm not placing him on probation because what he did cannot just be forgotten or erased or made to disappear because of the subsequent cooperation with the Government, nevertheless, even though, according to the Government, it was fruitful.

Id. at 149 (quoting district court transcript). This court concluded that the district court' consideration in Torres was adequate, even if minimally so. Id.

The District Court in Vasquez's case gave Vasquez equal, if not more, consideration than the court gave in Torres. The District Court heard evidence presented by the government that Vasquez:

> (1) "was prepared to provide collaborative testimony at the preliminary hearing and also at a trial" regarding a murder;

(2) helped provide information regarding a criminal appeal;

(3) provided help in a timely fashion;

(4) "was a highly culpable person," who "loaned a firearm[,]" and who said he would "hit [a police officer] with a car, make it look like an accident" instead of shooting him if he "interfere[d] with the drug deal[;]"

(5) "enlisted the aid of his live-in girlfriend," who took "extraordinary steps to assist him[;]"

(6) "cooperated peacefully about the arrest" and "never attempted to go for the gun or assaulted anyone."

App. at 20-25. The District Court departed 36 months, based on the government's motion, and explained:

Mr. Vasquez, I have given you three years off of the sentence that you faced . . . I feel that is warranted under the circumstances.

But, I also feel that you should be punished significantly for your criminal activity, and being actively involved and basically setting this up and organizing it to the degree that the guns and the cocaine were available for this transaction . . . .

App. at 31-32.

Though the District Court did not "make specific findings regarding each factor and articulate thoroughly whether and how [it] used any proffered evidence to reach [its] decision[,]" Torres, 251 F.3d at 147, the record does reveal that it balanced the seriousness of Vasquez's offense against his substantial efforts to assist the government. Id. at 149. Furthermore, the District Court considered the seriousness of Vasquez's crime when it took note of Vasquez's active involvement in and organization of the narcotics activity. Consideration of the "seriousness of the crime" in determining the extent of a departure under 5K1.1 is a consideration well within the District Court's discretion. Torres, 251 F.3d at 148 (citing United States v. Casiano, 113 F.3d 420, 431 (3d Cir. 1997)).

### III.

In summary, we lack jurisdiction to review the extent of the departure granted by the District Court. We reject Vasquez's contention that the District Court gave inadequate justification for its decision. We will affirm the District Court's order.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Dolores K. Sloviter

Circuit Judge        UNITED STATES

No. 01-2158

                         UNITED STATES OF AMERICA

                                    v.

                         QUINTINO VASQUEZ,
                                         Appellant


               On Appeal from the United States District Court
                    for the Eastern District of Pennsylvania
                         (D.C. Crim. No. 98-cr-00499-3)
                    District Judge:  Hon. J. Curtis Joyner


           Before:  SLOVITER, FUENTES and MICHEL,* Circuit Judges


                                 JUDGMENT

      This cause came on to be heard on the record from the United States District Court
for the Eastern District of Pennsylvania and was submitted pursuant to Third Circuit LAR
34.1(a) on April 1, 2002.
      On consideration whereof, it is now here ORDERED AND ADJUDGED by this
Court that the judgment of the said District Court entered May 3, 2001, be, and the same
_____


      *    Hon. Paul R. Michel, United States Court of Appeals for the Federal Circuit,
      sitting by designation. is, hereby affirmed.  All of the above in accordance with the opi


                              ATTEST:




                              Clerk

Dated: 2 April 200