

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-5-2002

# USA v. Alabed

Precedential or Non-Precedential: Non-Precedential

Docket No. 99-1785

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Alabed" (2002). *2002 Decisions.* Paper 553.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/553

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 99-1785/1786
_____

UNITED STATES OF AMERICA

v.

MUSTAFA ALABED

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. Nos. 97-641-01, 99-323-01)
District Judges:  The Honorable James McGirr Kelly
The Honorable Eduardo C. Robreno

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 26, 2002

Before: ROTH, FUENTES and GIBSON*, Circuit Judges

(Opinion Filed: September 5, 2002)

_____

* The Honorable John R. Gibson, United States Circuit Judge for the Eight Circuit, sitting
by designation.

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:
     Mustafa Alabed pled guilty and was convicted on charges of distribution of heroin,
in violation of 21 U.S.C.    841(a)(1), and bank fraud, in violation of 18 U.S.C.    1344.
He now appeals the sentence imposed based upon those convictions. For the reasons
stated below, we affirm.
     Because we write for the benefit of parties who are already familiar with the facts
of this case, we begin with Alabed's legal claims. Alabed first challenges the district
court's decision to sentence him based on the combined weight of both packages sold to
an undercover informant as heroin, even though the larger of the two contained only trace
amounts of heroin combined with common cutting agents, procaine and lidocaine. The
District Court calculated Alabed's sentence using the Drug Quantity Table, subsection (c)
of U.S.S.G. 2D1.1.  Footnote (a)(1)(A) of the "Application Notes to [the] Drug Quantity
Table" provides that: "Unless otherwise specified, the weight of a controlled substance
set forth in the table refers to the entire weight of any mixture or substance containing a
detectable amount of the controlled substance" (emphasis added).
     Alabed claims that "it is patently unfair, unjust and an abuse of discretion for the
District Court to have... used the one kilogram amount to set [Alabed's] sentencing range
under the [U.S. Sentencing] Guidelines." App. Br. at 10. While Alabed admits that he
negotiated for the sale of one kilogram of heroin, he argues that he "was only involved in
a plan to provide cutting powder to the informant, with little or no heroin to be delivered."
Therefore he claims that he should be sentenced based upon either the contents of the

smaller package plus the net weight of the heroin in the larger package or simply upon the weight of the smaller package. App. at 9.

This Court has thoroughly examined this issue in a published opinion analyzing the identical claim of Alabed's co-defendant regarding the heroin distribution charge. See United States v. Juan Berroa-Medrano slip op.___ 2002 at ___.  In that case, we decided that the District Court was correct in considering the entire weight of the larger package in calculating the sentence of a defendant who had pled guilty to distribution of heroin and, accordingly, we affirmed the sentence of the District Court Id. at ___. Alabed raises no new relevant factors that might distinguish his claim from Berroa-Medrano's. Therefore, we affirm the District Court's sentencing decision to include both packages in calculating Alabed's Guideline range.

Alabed next argues that the District Court erred in applying a two-level enhancement in his base offense level under the Guidelines for possession of a deadly weapon. Alabed is mistaken. Although the original indictment alleged that Alabed's co-defendant Berroa-Medrano was armed with a handgun during the drug transaction, the Government subsequently withdrew that specific charge when it was determined that their informant had mistaken a large metal tube on Berroa-Medrano's keychain for a handgun. Alabed offers no evidence, and none appears in the record, that the District Court ever considered or applied such an enhancement at Alabed's sentence. Therefore, we reject Alabed's claim on this issue.

Alabed similarly claims that the District Court failed to reduce his sentence based upon the "safety valve" provision of the Guideline, U.S.S.G.  5C1.2. Alabed indicates that "[u]nder such provision, the applicable [sentencing]  range [w]ould properly have been 70-87 months." Nevertheless, we have thoroughly considered Alabed's contention and, in light of the District Court's ultimate sentence of 60 months, we conclude that Alabed has failed to offer any proof that the District Court did not consider the safety valve provision in setting his Guideline range. Therefore, Alabed's claim is unsupported.

Finally, to the degree that Alabed objects to the extent of the downward departure provided by the district court, this Court lacks jurisdiction to consider such a claim. See App. Br. at 9 (arguing that "[t]he District Court failed to genuinely take into account the significant fact that defendant cooperated fully with authorities and never impeded nor obstructed justice once the investigations were underway"). The statute which permits a defendant to appeal from a sentence allows the defendant to challenge the extent of a trial court's departure from the applicable guideline range only where the sentence imposed is greater than the applicable guideline range. See 18 U.S.C.  3742(a)(3). Therefore, this Court has determined that, as long as the district court has indicated that it is aware of its power to depart from a guideline range,  the extent of a downward departure is committed entirely to a district court's discretion. See U.S. V. Denardi, 892 F.2d 269, 272 (3d. Cir. 1989); U.S. v. Khalil, 132 F.3d 897, 898 (3d Cir. 1997) ("[t]his court has no jurisdiction to review the extent or degree of a district court judge's discretionary downward departure from the applicable sentencing guideline range"). In the instant matter, the District Court stated that it was departing from the guidelines and then did so. See App. at 34 ("[l]et me just say for the record [that]... I will grant the motion to depart from the guidelines."). Therefore, we refuse to take up Alabed's claim that his particular case required a greater departure from the Guidelines than the district court allowed.

The remainder of Alabed's claims are entirely meritless. Therefore, we affirm the sentence imposed by the District Court for the reasons stated above.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

By t

/s/ Ju

Circuit Judge