

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2002

# USA v. Hunt

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3059

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Hunt" (2002). *2002 Decisions.* Paper 629.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/629

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-3059
_____

UNITED STATES OF AMERICA

v.

GREGORY HUNT,
                            Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 00-cr-00419
District Judge:  The Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2002
_____

Before: BARRY, AMBRO, and GARTH, Circuit Judges

(Opinion Filed: September 30, 2002)
_____

OPINION
_____


BARRY, Circuit Judge
     Gregory Hunt pled guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C.  846 and was sentenced to 121 months in prison.  Counsel has submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that Hunt has no non-frivolous basis for appeal.  Hunt subsequently submitted a pro se brief asserting that his appeal is meritorious.  After careful review, we will grant counsel's motion to withdraw and affirm the judgment and sentence of the District Court.
     Hunt pled guilty to 21 U.S.C.  846 pursuant to a plea agreement in which it was stipulated that:

(1)  Hunt conspired to distribute over 50 grams of crack cocaine.

(2)  The base offense level should be 34, pursuant to U.S.S.G. 1B1.3 and 2D1.1(c)(3), because between 150 and 500 grams of crack cocaine was involved in the offense.

(3)  The base offense level should be increased to 36 pursuant to U.S.S.G.  2D1.2(a)(1) because the offense occurred within 1,000 feet of a public housing facility.

(4)  The base offense should be increased three additional levels pursuant to U.S.S.G.  3B1.1(b) because Hunt was a manager or supervisor of a criminal activity that involved five or more people or was otherwise extensive.

            (5) Hunt accepted responsibility for his offense, making him
                eligible for a two-level downward departure under U.S.S.G.
                3E1.1(a).  Hunt timely notified the government of his intent to
                plead guilty, making him eligible for an additional one-level
                reduction under U.S.S.G.   3E1.1(b).

The foregoing stipulations resulted in a base offense level of 36. Given that Hunt had a
criminal history category of II, his guideline sentencing range was 240 to 262 months.
The government agreed, however, that it would move for a downward departure pursuant
to U.S.S.G.   5K1.1 and 18 U.S.C. 3553(e) if it determined that Hunt provided substantial
assistance regarding the investigation and prosecution of other crimes.
        Hunt entered his plea of guilty after a lengthy and complete colloquy.  At
sentencing, the government filed a motion pursuant to U.S.S.G.   5K1.1 and 18 U.S.C.
3553(e) and the Court granted a five-level downward departure, thus lowering the base
offense level to 31 and the sentencing range to 121 to 151 months.  The Court then
sentenced Hunt to 121 months in prison.
        "In Anders, the Supreme Court established guidelines for a lawyer seeking to
withdraw from a case when the indigent criminal defendant he represents wishes to
pursue frivolous arguments on appeal."  United States v. Youla, 241 F.3d 296, 299 (3d
Cir. 2001).  Thus, "if counsel finds his case to be wholly frivolous, after a conscientious
examination of it, he should so advise the court and request permission to withdraw."
Anders, 386 U.S. at 744. Defense counsel's request "must . . . be accompanied by a brief
referring to anything in the record that might arguably support the appeal."  Id.  When
counsel submits an Anders brief, we must inquire: (1) whether counsel adequately
fulfilled the rule's requirements; and (2) whether an independent review of the record
presents any nonfrivolous issues."  Youla, 241 F.3d at 300 (citations omitted).
        When preparing an Anders brief, the duties of defense counsel are "(1) to satisfy
the court that counsel has thoroughly examined the record in search of appealable issues,
and (2) to explain why the issues are frivolous."  Id.  Here, defense counsel's brief
focuses on the jurisdiction of the District Court, the Rule 11 plea hearing, the waiver of
most appellate issues effected by the guilty plea, and the District Court's decision to grant
the government's   5K1.1 and 18 U.S.C.   3553(e) motion.  That brief demonstrates that
counsel thoroughly examined the record and explained why there were no issues that
were not frivolous.  The plea colloquy, for starters, fully complied with Fed. R. Crim. P.
11.  The District Court established that Hunt understood his constitutional rights and the
nature of the criminal charge to which he was pleading guilty and that he was knowingly
and voluntarily entering a guilty plea to that charge which carried a mandatory statutory
minimum of 20 years.  The District Court also questioned Hunt as to his role in the
offense, as well as his understanding of the proceedings.  Similarly, the sentencing
proceeding met the requirements of Fed. R. Crim. P. 32 and the District Court granted
Hunt a significant downward departure   one that went well below even the mandatory
minimum   based on his substantial assistance.  There are simply no nonfrivolous issues
raised in this appeal.
        Hunt is not satisfied with the extent of the downward departure he received.  In his
pro se brief, he argues that the government did not move for a departure pursuant to both
U.S.S.G.   5K1.1 and 18 U.S.C.   3553(c) but only pursuant to one of those provisions,
although he does not specify which one.  Presumably as a result of that purported lapse,
Hunt argues that his sentence was harsher than it should have been for the assistance he
provided and seeks, from us, a "respectable sentence."
        As noted above, and as is crystal clear from the record, the government moved
under both provisions; indeed, that this is so is underscored by the fact that Hunt received
a sentence ten years below the twenty-year mandatory minimum, an impossibility had
both provisions not been invoked.  While Hunt believes that he deserved an even more
significant departure, we have no jurisdiction to review the District Court's discretionary
decision to sentence him as it did.  United States v. Khalil, 132 F.3d 897, 898 (3d Cir.
1997).  And, finally, even if, as Hunt suggests, counsel told him he would receive a
sentence of less than ten years because of his cooperation, Hunt's guilty plea would not
be invalidated.  At the time he entered his plea, the government had not committed itself
to filing a motion based on his cooperation but, rather, explicitly stated that that was a
determination it would later make.

III.

Accordingly, we will grant counsel's motion to withdraw, and will affirm the judgment and sentence of the District Court.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Maryanne Trump Barry
Circuit Judge