

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-2003

# USA v. Loper

Precedential or Non-Precedential: Non-Precedential

Docket 02-1154

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Loper" (2003). *2003 Decisions*. Paper 802.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/802

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No:  02-1154/02-1155
_____

UNITED STATES OF AMERICA

v.

DAVID GERARD LOPER,

                              Appellant.


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action Nos. 01-cr-00136 & 01-cr-00557)
District Judges: Honorable Mary A. McLaughlin
                          Honorable Bruce W. Kauffman
_____


Submitted Under Third Circuit LAR 34.1(a)
on December 10, 2002

Before: BECKER, Chief Judge, ROTH
        and SMITH Circuit Judges


(Opinion filed: February 13, 2003)




                    O P I N I O N



ROTH, Circuit Judge:
     Appellant David Gerard Loper participated in bank robberies in October 2000 in
Maryland and January 2001 in Pennsylvania.  Loper pled guilty before a federal  court in
Pennsylvania to four counts stemming from the January 2001 offense.  He was indicted
on two counts in a federal court in Maryland as a result of the October offense; he
consented to a transfer of those charges to Pennsylvania, where he pled guilty to both
counts.  The District Court consolidated the cases for sentencing.  Loper did not object to
the pre-sentence report.  The government filed a motion for departure from the statutory
mandatory minimum terms of imprisonment.  The court found that his cooperation
merited a downward departure pursuant to the government's motion.  The court imposed
a sentence of 262 months imprisonment.

Loper claims on appeal that the sentence imposed was excessive and an abuse of discretion. He contends that the downward departure was insufficient and that he should not have been sentenced as a career criminal.

We have jurisdiction over the appeal pursuant to 28 U.S.C. 1291 and 18 U.S.C. 3742(a). Our appellate jurisdiction under 18 U.S.C. 3742(a) is limited and does not permit us to review the extent of the downward departure granted to Loper. "We have no jurisdiction to review [the appellant's] appeal from the district court's discretionary downward departure of his sentence." United States v. Khalil, 132 F.3d 897, 898 (3d Cir. 1997); see also United States v. Parker, 902 F.2d 221, 222 (3d Cir. 1990). We will review for plain error the remaining three claims which involve issues concerning which Loper failed to make an objection before the District Court. See United States v. Wolfe, 245 F.3d 257, 260-61 (3d. Cir. 2001); United States v. Olano, 507 U.S. 725, 731-32 (1993).

First, Loper claims that the District Court, in sentencing him, should have made a greater downward departure under United States Sentencing Guidelines 5K1.1 and 18 U.S.C. 3553(e). He alleges that the court failed to account for various factors in formulating its departure, including his mental state and the judicial economy accomplished by the transfer of the Maryland charges. We will dismiss Loper's appeal on this issue because we are without jurisdiction to review the extent of the District Court's downward departure. See Khalil, 132 F.3d at 898.

We further reject Loper's contention that the sentence imposed by District Court was "excessive." Loper claims that the court erred in sentencing him as a career criminal, given the timing and circumstances of his prior offenses. We disagree. To qualify as a career offender, the defendant must be at least eighteen years old at the time of the offense of conviction, the offense of conviction must be a felony (either a crime of violence or a controlled substance offense), and the defendant must have at least two prior felony convictions that were either crimes of violence or controlled substance offenses. See U.S.S.G. 4B1.1. Loper clearly met the qualifications of a career offender. He was older than eighteen years of age when he committed the instant offenses, both robbery and attempted robbery are "crimes of violence" as defined in 4B1.2 cmt. n.1, and he had two qualifying prior felony convictions (an aggravated assault in 1990 and a simple assault in 1994). See PSR at 72, 74. We find no error in the District Court's classification of Loper as a career offender.

Loper also contends that he was improperly convicted under Section 924(c) of carrying a firearm during the Pennsylvania offense. He now claims that he never used or carried such a weapon. Loper, however, pled guilty to carrying a firearm during and in relation to a crime of violence. He admitted before the District Court that he carried a loaded handgun in the waistband of his pants when he entered the bank. Loper has not demonstrated plain error as to this conviction.

Finally, Loper claims that the District Court erred by failing to properly weigh his allegedly minor role in the Maryland robbery. We agree with the District Court that Loper was not entitled to a role adjustment under U.S.S.G. 3B1.2. Loper would only have been entitled to a reduction in the offense level if his role demonstrated substantially less culpability than that of the average participant. See United States v. Brown, 250 F.3d 811, 819 (3d Cir. 2001). In making this fact-specific determination, the relevant factors are "(1) the defendant's awareness of the nature and scope of the criminal enterprise; (2) the nature of the defendant's relationship to the other participants; and (3) the importance of the defendant's actions to the success of the venture." Brown, 250 F.3d at 819 (citations omitted). On review of the record, it is clear that Loper had a substantial role i the Maryland robbery. His allegation that his co-defendant Holloway was more culpable is unavailing. For instance, Loper held a handgun to a teller's head, took money from the vault, and followed the planned escape. We find no error in the fact that the District Court did not categorize Loper as a minor participant in that robbery.

For the foregoing reasons, we will affirm the judgment of the District Court.


TO THE CLERK:

Please file the foregoing Opinion.

By the Court,


/s/ Jane R. Roth
    Circuit Judge