

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-2-2003

# USA v. Moquete

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4497

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Moquete" (2003). *2003 Decisions.* Paper 390.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/390

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Guideline range. Moquette now contends that, because of his guilty plea, the Government was required to file a motion under U.S.S.G. § 5K1.1 authorizing a downward departure, and the Court's alternative use of § 5C1.2 prejudiced him. We affirm.

Moquette was a passenger in a car that was stopped for a minor traffic violation. He consented to a search of his person and the police found 104.4 grams of cocaine base and 6.9 grams of heroin. He was indicted for possession with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession with intent to distribute heroin, also in violation of § 841(a)(1). He pled guilty to both counts.

Moquette faced a statutory minimum sentence of 120 months imprisonment. The District Court found, however, that he qualified for relief under the "safety valve" provision of the Sentencing Guidelines, U.S.S.G. § 5C1.2, which allows a court in certain circumstances to sentence a defendant convicted under 21 U.S.C. § 841 without regard to the statutory minimum. Applying § 5C1.2, the Court sentenced Moquette to 78 months imprisonment, within the applicable Guideline range.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's interpretation of the Sentencing Guidelines. United States v. Parker, 30 F.3d 542, 551 (3d Cir. 1994).

Moquette argues that he should have been sentenced under U.S.S.G. § 5K1.1 rather than § 5C1.2. Section 5K1.1 permits a court, "[u]pon motion of the government stating

adjusted Guideline range of 70 to 87 months.

On appeal, Moquette "raises no legal question with respect to the downward departure of his sentence but challenges only the extent of the district court's exercise of discretion." *United States v. Khalil*, 132 F.3d 897, 898 (3d Cir. 1997). We do not have jurisdiction to review this discretionary decision. *See id.*

The appeal is therefore dismissed for lack of jurisdiction.

---

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

   /s/   Thomas L. Ambro
       Circuit Judge