

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-12-2005

# USA v. Torres

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1548

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Torres" (2005). *2005 Decisions.* Paper 705.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/705

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-1548

_____

UNITED STATES OF AMERICA

v.

IVAN TORRES,

Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Case No. 98-cr-00362-B

District Judge:  The Honorable Louis H. Pollak

_____

Submitted pursuant to Third Circuit L.A.R. 34.1(a) on July 11, 2005

Before:  ALITO and BECKER, Circuit Judges, and SHADUR, District Judge[*]

(Filed: August 12, 2005)

_____

OPINION OF THE COURT

_____

_____

[*]    Honorable Milton I. Shadur, United States District Judge for the Northern District
of Illinois, sitting by designation.

PER CURIAM:

Due to Ivan Torres's substantial assistance in the investigation and prosecution of other criminals, the government filed a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) to permit the District Court at sentencing to depart from the otherwise applicable sentencing guidelines range and the otherwise applicable mandatory minimum sentence of life imprisonment. On February 23, 2004, the District Court held a sentencing hearing. At the hearing the District Court granted the government's downward departure motion and sentenced Torres to 25 years of imprisonment. Torres filed a timely notice of appeal to this Court on March 1, 2004.

All the briefs in this case were drafted before January 2005, when the Supreme Court issued its opinion in United States v. Booker, 543 U.S. ----, 125 S.Ct. 738 (2005). In Booker, the Court held that "we must apply today's holdings – both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on direct review." 125 S.Ct. at 769 (Breyer, J.). Having determined that the sentencing issues here are best determined by the District Court in the first instance, we vacate the sentence and remand for re-sentencing in accordance with Booker. See generally United States v. Davis, 407 F.3d 162 (3d Cir. 2005).

Because we remand for re-sentencing, we need not address Torres's argument that the District Court's departure should have been greater. We note, however, that this Court has already held that it lacks jurisdiction to review the extent of a district court's

-2-

downward departure.  See <u>United States v. Khalil</u>, 132 F.3d 897, 898 (3d Cir. 1997)

("[B]ecause 'we did not have jurisdiction to entertain an appeal when the district court

refused to exercise its discretion to depart downward from the guidelines,' it surely

follows that we could not possibly have jurisdiction to hear an appeal by a defendant

where there has been some exercise of the court's discretion to depart downward.")

(citing <u>United States v. Parker</u>, 902 F.2d 221, 222 (3d Cir.1990).

 Accordingly, we affirm Torres's judgment of conviction but vacate his sentence

and remand for re-sentencing.