

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-15-2008

# USA v. Barnes

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2916

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Barnes" (2008). *2008 Decisions.* Paper 539.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/539

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-2916

UNITED STATES OF AMERICA

v.

KURTIS BARNES, a/k/a Gotti,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 05-CR-557
District Judge: The Honorable Garrett E. Brown, Jr.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 12, 2008

Before: MCKEE, SMITH,
and WEIS, *Circuit Judges*

(Filed: September 15, 2008 )

OPINION

SMITH, *Circuit Judge*.

On July 21, 2005, Kurtis Barnes was charged with one count of knowingly and

intentionally conspiring to distribute at least 100 grams of heroin in violation of 21 U.S.C.

§§ 846, 841(a)(1) and (b)(1)(B), and six counts of knowingly and intentionally

distributing heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On October 18, 2005, Barnes entered a plea of guilty to the § 846 conspiracy offense, pursuant to a plea agreement.

Barnes subsequently sought, pro se, to withdraw his plea. At a hearing on March 7, 2006, Barnes, while represented by counsel, withdrew his Motion to Withdraw his guilty plea. Nevertheless, on April 20, 2006, in yet another hearing, Barnes again asserted his desire to withdraw his plea and proceed to trial because, according to Barnes, he had not been provided an opportunity to inspect certain evidence against him (video surveillance tapes). The Court adjourned the hearing, allowing for Barnes to have an opportunity to view the evidence.

Apparently Barnes backed down from his request for a trial because his sentencing hearing was held on May 24, 2006. At that time, the government moved for a downward departure on behalf of Barnes for his substantial cooperation with ongoing government investigations. The District Court agreed that Barnes's cooperation was "very substantial" and sentenced Barnes to a term of 175 months of imprisonment, 5 years of supervised release, and a $3,000 fine—a punishment that constituted a three-level downward departure from the guideline range of 262 to 327 months. This appeal followed.[1]

---

[1] The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. Appellate jurisdiction exists under 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327–28 (3d Cir. 2006).

Barnes contends that the District Court failed to give sufficient weight to the extent of his cooperation with the government, and as such, departed downward an insufficient amount in sentencing. Barnes's counsel filed an appellate brief raising this issue and simultaneously moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the Supreme Court stated that the "constitutional requirement of substantial equality and fair process" means that appellate counsel must act as an advocate for the defendant. 386 U.S. at 744. Thus, counsel's

> role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

*Id.* In *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), we explained that an *Anders* brief must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and it must "explain why the issues are frivolous." Accordingly, our inquiry is twofold: (1) whether counsel adequately fulfilled the requirements of *Anders*; and (2) "whether an independent review of the record presents any nonfrivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)); *see also Anders*, 386 U.S. at 744 (explaining that the court must proceed, "after a full examination of all the proceedings, to decide whether the case is wholly frivolous.").

We are satisfied that counsel thoroughly examined the record for issues of

3

arguable merit and fulfilled the requirements of *Anders*. Counsel found no non-frivolous issues for appeal. Counsel appropriately recognized that discretionary downward departures under the Guidelines are not reviewable absent legal error. *See United States v. Cooper*, 437 F.3d 324, 332–33 (3d Cir. 2006) (citing *United States v. Khalil*, 132 F.3d 897, 898 (3d Cir. 1997) ("[W]e could not possibly have jurisdiction to hear an appeal by a defendant where there has been some exercise of the court's discretion to depart downward.")). Barnes raises no legal question with respect to the downward departure of his sentence but challenges only the extent of the District Court's exercise of discretion. *See Khalil*, 132 F.3d at 898. Therefore, we decline to review Barnes's appeal, and as such, agree that this claim is frivolous.

In addition, our own independent review of the record fails to reveal any nonfrivolous issues for appeal. Accordingly, we will grant counsel's motion to withdraw pursuant to *Anders* and affirm the judgment of the District Court. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. L.A.R. 109.2(b).

4