**UNITED STATES of America**

**v.**

**PARKER, Darius, Appellant.**

**No. 90–1171.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
Rule 12(6) April 27, 1990.

Decided May, 9 1990.

Larry A. Colston, Philadelphia, Pa., for
appellant.

Michael M. Baylson, U.S. Atty., Walter S.
Batty, Jr., Asst. U.S. Atty., Chief of Ap-
peals, Jeffrey M. Klink, Asst. U.S. Atty.,
Philadelphia, Pa., for appellee.

Before BECKER and GREENBERG,
Circuit Judges and DUMBAULD, District
Judge.*

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

Appellant Darius Parker appeals from a
judgment of sentence imposed on February
22, 1990, following his guilty plea to both
counts of a two-count indictment charging
him with knowingly and intentionally dis-
tributing a controlled substance in violation
of 21 U.S.C. § 841(a)(1). The parties agree
that under the sentencing guidelines the
total offense level was 10 and his criminal
history category was I, so that in the ab-
sence of a downward departure the follow-
ing range of sentence would have been
applicable: six to 12 months imprisonment,
three to five years supervised release,
$2,000 to $2,000,000 fine, $91.66 cost of
supervision and a $50 special assessment
on each count. However, the Government
served a motion under guideline § 5K1.1
stating that Parker had substantially coop-
erated, so that it requested that the court
depart from the minimum guideline ranges
applicable in this case. The court sen-
tenced Parker to concurrent 36 months
terms of probation on the two counts but
as a condition of probation required him to
reside for six months in the Greater Phila-
delphia Center for Community Corrections.
During that time, however, he was permit-
ted to be employed and was to be released

---

\* Honorable Edward Dumbauld, Senior United
States District Judge for the Western District of
Pennsylvania, sitting by designation.

to go to his employment but was to be in the Center each night. No fine or period of supervised release was imposed and no restitution was required but a special assessment of $50 on each count was made.

Parker appeals, asserting that because the six months confinement as a condition of probation is the essential equivalent of the minimum sentence under the guidelines, there was no downward departure, the government's motion was ignored, and an unreasonable sentence was imposed. Thus, he requests that we vacate the sentence and remand the matter for resentencing. We will dismiss the appeal.

Under 18 U.S.C. § 3563(b)(12), the court as a condition of probation may require a defendant to reside at a community corrections facility. We think it clear that a period of confinement as a condition of probation, subject to a defendant's being released to go to work, cannot possibly be equated with an equivalent period of imprisonment. Thus, quite aside from the circumstance that no fine or period of supervised release was imposed, there was a downward departure here. Accordingly, the precise jurisdictional question before us is whether we have jurisdiction to hear an appeal when there has been a downward departure and the appellant seeks a further departure.

We need not linger on this question. The circumstances in which a defendant may appeal a sentence are set forth in 18 U.S.C. § 3742(a) and do not include situations in which a defendant is seeking an enhanced downward departure. In *United States v. Denardi*, 892 F.2d 269 (3d Cir. 1989), we held that we did not have jurisdiction to entertain an appeal when the district court refused to exercise its discretion to depart downward from the guidelines. It surely follows from that holding that we could not possibly have jurisdiction to hear an appeal by the defendant where there has been some downward departure. *See United States v. Pighetti*, 898 F.2d 3 (1st Cir.1990). The appeal will be dismissed.