28 F.3d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tracy Joe WATSON, Defendant-Appellant.
 No. 93-2541.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1994.
 
 Before: KEITH, BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Tracy Joe Watson, a federal prisoner, appeals the sentence imposed following his guilty plea to one count of conspiracy to possess with intent to distribute and to distribute more than five kilograms of cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Watson and seven codefendants were indicted in April 1993 on the one charge described above. On August 17, 1993, Watson entered into a Rule 11 plea agreement in which he agreed to plead guilty to count one and to fully cooperate with the government's investigation. In return, the government agreed to bring no additional charges, to not oppose a three-level decrease in offense level for acceptance of responsibility, and to use good faith in determining whether to file a Rule 35(b) motion for sentence reduction due to substantial assistance. The parties also stipulated that the appropriate amount of cocaine to be considered at sentencing was between five and fifteen kilograms. At Watson's sentencing on November 8, 1993, the government moved orally for a downward departure, pursuant to U.S.S.G. Sec. 5K1.1, in light of Watson's assistance to the government. The district court granted the motion and departed downward from the applicable sentencing range of 121 to 151 months, sentencing Watson to 87 months in prison and four years of supervised release. Judgment was entered on November 29, 1993, and an amended judgment was entered on December 6, 1993.
 
 
 3
 On appeal, Watson argues that his sentence constituted cruel and unusual punishment under the Eighth Amendment because it was 27 months greater than that imposed on the head of the criminal conspiracy.
 
 
 4
 Upon review, we affirm the district court's judgment because the extent of a sentencing court's downward departure is not reviewable on appeal and because Watson's sentence, which does not exceed the maximum sentence of life imprisonment set by Congress, does not violate the Eighth Amendment.
 
 
 5
 The district court departed below the statutory mandatory minimum sentence of ten years in sentencing Watson, who argues, in effect, that the government did not depart enough in his case. However, this court has joined other circuits in holding that the court has no jurisdiction over an appeal "based on a district court's failure to depart downward enough to satisfy the defendant." United States v. Gregory, 932 F.2d 1167, 1169 (6th Cir.1991); United States v. Gant, 902 F.2d 570, 573 (7th Cir.1990); United States v. Parker, 902 F.2d 221, 222 (3d Cir.1990).
 
 
 6
 Furthermore, Watson's sentence does not constitute cruel and unusual punishment under the Eighth Amendment. A sentence is generally not reviewable if it is within the statutory limits. United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1986) (citing United States v. Tucker, 404 U.S. 443, 447 (1972)). Watson's sentence not only does not exceed the statutory maximum of life imprisonment, it is less than the statutorily mandated minimum sentence of ten years. Thus, it is clearly not disproportionately excessive so as to violate the Eighth Amendment prohibition against cruel and unusual punishment.
 
 
 7
 Accordingly, the district court's amended judgment, entered on December 6, 1993, is affirmed.