**UNITED STATES of America,**

v.

**Andrew BECHT, a/k/a Jose Lopez, a/k/a John Ruiz Andrew Becht, Appellant.**

**No. 03–1627.**

United States Court of Appeals, Third Circuit.

Submitted Feb. 26, 2004.

Decided March 1, 2004.

---

338

David E. Troyer, Office of United States Attorney, Philadelphia, PA, for Appellee.

Andrew Becht, pro se, White Deer, PA, for Appellant.

Before RENDELL, BARRY, and BECKER, Circuit Judges.

## OPINION

BECKER, Circuit Judge.

Andrew Becht appeals from his conviction, pursuant to an open guilty plea, on various drug charges. He was sentenced to 120 months in prison, a sentence 90 months below the bottom of the applicable guidelines range, by reason of a significant downward departure by the District Court.

Becht filed a timely appeal and following the appeal, defense counsel filed a motion to withdraw and a brief in support of her motion pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In that brief, counsel makes the following statement:

> As set forth in this brief, counsel for appellant, after a conscientious examination of the record and consultation with appellant, can find no non-frivolous issues for appeal.

Becht has, however, filed an informal pro se brief, the contentions of which we address *infra.*

In the *Anders* brief, Becht's counsel details the guilty plea colloquy. She then goes on to explain why Becht's guilty plea was valid in light of controlling constitutional and statutory standards, and then to address the validity of Becht's sentence. With respect to the guilty plea, we agree that constitutional standards, *see Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and Federal Rule of Criminal Procedure 11, were met. Judge McLaughlin was extremely thorough in her conduct of the Rule 11 colloquy, easily fulfilling all the requirements of Rule 11 and of *Boykin.* We note in this regard that the Assistant United States Attorney gave an extensive description of the factual basis for the plea, the correctness of which Becht acknowledged, and that the colloquy clearly demonstrates the voluntariness of the plea.

With respect to the sentence, counsel proceeds step by step, addressing the calculation of the base offense level, the various adjustments, the calculation of criminal history score, the career offender enhancement, and the downward departure. At the end of the day, we are satisfied that there are no non-frivolous

issues for appeal with respect to the sentence.[1] However, we do not content ourselves with this statement, but also consult Becht's pro se brief in which he challenges the sentence.[2]

We note preliminarily that, because Becht had a prior felony drug conviction and a prior felony conviction for aggravated assault, a violent crime, he was found to be a career offender under USSG § 4B1.1. Therefore, his guidelines offense level was enhanced from level 22 to level 34. Moreover, his criminal history points placed him in Category VI, although his career offender status automatically placed him in Category VI at all events. Becht's resulting guidelines range was 262 to 327 months imprisonment. At sentencing Becht did not object to his career offender classification, but claimed that it over-represented the seriousness of his criminal history, thus meriting a downward departure under USSG § 4A1.3. Becht's counsel argued at length that his criminal history was overstated, emphasizing that no one was ever seriously injured as a result of Becht's crimes, that some of the convictions occurred close in time to one another (within nineteen months), and that Becht's past crimes were a result of a drug problem, but the District Court responded:

> I must say I really don't find a basis to find these are overstated. They're all serious crimes that have led to this final calculation. And although I certainly hear you with regard to the aggravated assault, he did have a gun . . . . and then with the drugs, I certainly take that into account . . . but I will deny that request. App. 60.

Becht's argument is stated in his brief as follows:

> My argument is that once the Judge made her decision not to grant a downward departure of the assigned Criminal History category of VI, my attorney then asked the Judge to consider a departure of the assigned level of 34, which was assigned to me under the career offender provision. At this request, the Judge states "You know I can't do anything about that. That is an issue for congress, and, I will leave that to congress." It is my Belief that the court didn't realize that it had the authority to consider a departure from this assigned level of 34.
>
> In *United States v. Shoupe*, 35 F.3d 835 (3rd Cir.1994) The court ruled that a district court judge has the authority to sue it's discretion in considering a downward departure from the career criminal provision of the sentencing guidelines. It further ruled that the district court can depart horizontally (Criminal History category) as well as vertically (offense level) or Both.
>
> The court ruled against Horizontally, but I believe did not realize Her authority in considering a departure from the prescribed offense level. She did not consider it and say no; she simply said I cannot do anything about that. That tells me she didn't Believe there was anything that she could have done in that situation.

---

1. It is noteworthy that Becht was credited with a two point downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a), despite the Government's contention that he should not receive the two point departure because he was found to have obstructed justice.

2. Our review is limited to the issues cited in the *Anders* and pro se briefs. *See United States v. Youla*, 241 F.3d 296, 301 (3d Cir. 2001) ("[W]e confine our scrutiny to those portions of the record identified by an adequate *Anders* brief . . . [and] those issues raised in Appellant's pro se brief.").

The most relevant portion of the sentencing colloquy is subsumed in the following statement of the District Court:

> I can appreciate, Ms. Grasso [defense counsel], your argument that—that in reality the Court should consider this 22 as opposed to 32 in view of the fact that the small amount of drugs, and that essentially he's up at that high an offense level because of the career criminal enhancement provisions.
>
> As you recognize, I really cannot consider that and I do not. That is entirely Congress' decision, and not mine. I've not been elected to anything, and I take very seriously the fact that I have to consider that this is a start at a 32 offense level and a—and a category six.

App. 91.

The District Court's legal statement was correct. We conclude that there was no error. *Shoupe* does indeed hold that the Court may depart from both the criminal history category and the offense level for a career offender if the career offender status overstates the actual criminal history. But the Court expressly found that Becht's career offender status did not overstate his actual criminal history, and its finding is supported. The District Court misunderstood nothing. In reality, what Becht sought at sentencing (and still seeks) is to extend the departure for substantial assistance, i.e. more leniency. The law is clear, however, that we cannot review the District Court's exercise of discretion as to the amount of departure. *See United States v. Parker*, 902 F.2d 221, 222 (3d Cir.1990); *see also United States v. McQuilkin*, 97 F.3d 723, 729 (3d Cir.1996); *United States v. Denardi*, 892 F.2d 269, 272 (3d Cir.1989).

Our jurisprudence requires that counsel in an *Anders* situation adequately attempt to uncover the best arguments for his or her client. *See United States v. Marvin*, 211 F.3d 778 (3d Cir.2000). We are satisfied that counsel has fulfilled her *Anders* obligations. Indeed we commend counsel on her excellent and comprehensive *Anders* brief. We will therefore grant counsel's request to withdraw, and will affirm the judgment on the merits.[3]

---

**3.** We also note our view that, because the issues presented in the appeal lack legal merit, they do not require the filing of a petition for writ of certiorari with the Supreme Court.3d Cir. LAR 109.2(b) (2000).