**UNITED STATES of America,**
**Appellee,**

v.

**Shawn DIXON a/k/a William**
**Dixon, a/k/a Shiz Shawn**
**Dixon, Appellant.**

**No. 02–2837.**

United States Court of Appeals,
Third Circuit.

Submitted pursuant to Third Circuit
LAR 34.1(a) Feb. 13, 2004.

Decided March 8, 2004.

Ewald Zittlau, Office of United States Attorney, Philadelphia, PA, for Appellee.

Shawn Dixon, #55627–066, Allenwood FCI White Deer, PA, pro se.

Lawrence S. Krasner, Krasner & Restrepo, Philadelphia, PA, for Appellant.

Before SCIRICA, Chief Judge, ROTH, and MCKEE, Circuit Judges.

OPINION

McKEE, Circuit Judge.

Shawn Dixon appeals from the district court's judgment of conviction and sentence. We agree with defense counsel's representation that there are no non-frivolous issues for appeal. Accordingly, we will affirm. *See, Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

I.

Inasmuch as we write only for the parties, it is not necessary to recite the facts of this case in detail. It is sufficient for

our purposes to note that on September 18, 2001, a federal grand jury returned a two count indictment against appellant, Shawn Dixon. Count one charged Appellant with possession with intent to distribute over 50 grams of cocaine base and one kilogram of heroin, in violation of 21 U.S.C. § 846. Count two charged him with possession with intent to distribute cocaine base and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

On November 20, 2002, Dixon entered a plea of guilty as to Count One only (Count Two was dismissed pursuant to the government's motion). On June 11, 2002, the district court judge sentenced Dixon to 115 months imprisonment followed by five years supervised release. Dixon was also ordered to pay a special assessment of $100 and a fine of $1,000.

## II.

Appointed counsel for Dixon has filed an *Anders* brief stating that he is unable to identify any non-frivolous issue for review. An appointed appellate counsel who "finds [a] case to be wholly frivolous, after a conscientious examination of the case," must so advise the court of appeals and request permission to withdraw. *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's request must be accompanied by a "brief referring to anything in the record that might arguably support the appeal" and explaining why the issues are frivolous," *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir.2000).

Defense counsel's *Anders* brief refers us to the following issues that arguably might support the appeal: (1) whether the district court had jurisdiction to accept Dixon's guilty plea; (2) whether Dixon's guilty plea is valid in light of controlling constitutional and statutory standards; (3) whether the district court imposed a legal sentence; and (4) whether the district court should have granted an even greater downward departure than it already did. However, counsel has concluded that any claim of error on the above issues would be frivolous. We agree. The district court clearly had jurisdiction to accept Dixon's guilty plea under 18 U.S.C. § 3231, which grants to the district courts of the United States original jurisdiction of all offenses against the laws of the United States. The guilty plea clearly met the standards of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and Fed. R.Crim.P. 11, as evidenced from the on-record colloquy.

The sentence is legal and already represents a downward departure below both the statutory mandatory minimum of 10 years and the applicable sentencing guideline range of 262–327 months imprisonment. The district court reduced Dixon's Criminal History Category in the "spirit of leniency" and because of Dixon's youthful age when he committed some of his prior offenses. This resulted in a reduction of the sentencing guidelines by nearly three years, with the applicable range being 262–327 months. Furthermore, the district court departed below the mandatory minimum of 120 months and sentenced Dixon to 115 months imprisonment. The term of supervised release and fines which were imposed are also authorized by statute. Moreover, we have held that we do not have jurisdiction to hear a defendant's appeal of a sentence where the district court refuses to grant a downward departure, nor where there has already been some downward departure but the defendant wants a greater downward departure. *United States v. Parker*, 902 F.2d 221 (3d Cir.1990).

We further note that Garcia's counsel supplied Garcia with a copy of his *Anders*

brief and Garcia was given time to raise any non-frivolous argument in a *pro se* brief. No such brief was filed.

### III.

Accordingly, we will affirm the sentence of conviction and judgment.