

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2004

# USA v. Pope

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2631

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Pope" (2004). *2004 Decisions.* Paper 822.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/822

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-2631
_____

UNITED STATES OF AMERICA

v.

SAVALAS J. POPE,
aka Saville J. Pope,  aka Seville Pope, aka Javille J. Pope,
aka Lil Pope Pope, aka Lil Pope, aka Savallas J. Pope, aka Sovales Pope

Savalas J. Pope,
                                        Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(D.C. Criminal No. 02-cr-303)
District Judge:  Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a)
March 12, 2004

BEFORE: SLOVITER, NYGAARD, Circuit Judges.
and SHADUR,[*] District Judge

(Filed: April 16, 2004)

_____

[*]      Honorable Milton I. Shadur, Senior District Judge for the United States District
Court for the Northern District of Illinois, sitting by designation.

OPINION OF THE COURT

SHADUR, <u>District</u> <u>Judge</u>.

After Savalas J. Pope ("Pope") pleaded guilty to possession of, with the intent to distribute, crack cocaine in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B)(iii), he was sentenced to 120 months' imprisonment, eight years' supervised release and $2,100 in monetary penalties. Pope filed a timely notice of appeal, and his appointed counsel now seeks to withdraw under <u>Anders v. California</u>, 386 U.S. 738 (1967) because of a belief that the appeal is frivolous. Pope was then notified of his right to file a pro se brief on the merits of the appeal, but he failed to do so. We next granted the United States' motion to be excused from filing a response brief pursuant to Third Circuit Local Appellate Rule 31.2. For the reasons that follow, we grant counsel's motion to withdraw and affirm the district court's sentence.

When counsel submits an <u>Anders</u> brief, we must first determine whether defense counsel has fulfilled his obligation to examine potential issues thoroughly and to explain why those issues are viewed as frivolous (<u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001)). We then conduct an independent evaluation of the record--and where defense counsel appears to have done an adequate job (as is true here), we are "guided in reviewing the record by the <u>Anders</u> brief itself" (<u>id</u>. at 301, approving the standard

announced in <u>United States v. Wagner</u>, 103 F.3d 551, 553 (7th Cir. 1996)).

Here Pope's appointed counsel raised two potential issues in his brief: the district court's determination regarding the firearms enhancement and the extent of the district court's downward departure. On both issues Pope's counsel found that no nonfrivolous argument could be made on appeal. We agree.

It is not necessary to recite the facts, because the parties are already familiar with them. We turn then to the issues counsel raises in his <u>Anders</u> brief.

United States Sentencing Guideline §2D1.1(b)(1) specifies a two-level increase in the offense level for the possession of a dangerous weapon (including a firearm) in connection with Pope's underlying offense. Application Note 3 to that Section states:

> The adjustment should be applied if the weapon was present, unless it was clearly improbable that the weapon was connected with the offense.

On that score the district court rejected Pope's objection based on the claim that he did not own or use the three weapons found at his residence. We will not upset that factual ruling unless it was clearly erroneous (18 U.S.C. §3742(e); <u>United States v. Gregory</u>, 345 F.3d 225, 230 (3d Cir. 2003)).

Because one of the three guns was found (loaded) next to a bag of crack cocaine, and with Pope not having produced any evidence in his favor, it cannot be said that it was "clearly improbable" that the weapon was connected to the underlying offense. And Pope's contention that the guns weren't his is simply irrelevant, for ownership of the weapons is not what is at issue. As has been reconfirmed in such cases as <u>United States</u>

<u>v. Corral</u>, 324 F.3d 866, 872 (7th Cir. 2003) :

> Actual possession need not be established in order to trigger the enhancement. Instead, proof of constructive possession, that is, that the defendant had the power and the intention to exercise dominion or control of the firearm, is sufficient to warrant the enhancement.

As for the extent of the district court's downward departure, Pope's counsel correctly notes that we cannot review that issue. <u>United States v. Parker</u>, 902 F.2d 221, 222 (3d Cir. 1990) teaches that we lack jurisdiction to hear an appeal in the precise situation posed here, where the district court in fact departed downward but defendant seeks a greater departure--a variant on the more frequently announced proposition that "[w]e may review a claim for downward departure only when the District Court was not aware of its authority to grant a downward departure" (<u>United States v. Gori</u>, 324 F.3d 234, 239 (3d Cir. 2003)).

We find both (1) that Pope's counsel adequately satisfied his requirements under <u>Anders</u> and (2) that based on our own independent review of the portions of the record raised in counsel's <u>Anders</u> brief, no nonfrivolous arguments may be advanced on Pope's behalf. We therefore grant counsel's motion to withdraw and affirm the district court's sentencing decision.

_____