

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-29-2004

# USA v. Carston

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4470

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Carston" (2004). *2004 Decisions.* Paper 455.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/455

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4470

UNITED STATES OF AMERICA

v.

TROY DONYEH CARSTON,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 02-cr-00012)
District Judge:  Honorable Harvey Bartle, III

Submitted Under Third Circuit LAR 34.1(a)
July 13, 2004

Before:  RENDELL, BARRY and FISHER, Circuit Judges.

(Filed July 29, 2004)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Troy Donyeh Carston was charged with being a felon in possession of a firearm in

violation of 18 U.S.C. § 922(g)(1).  He pled guilty on December 3, 2002.  Subsequently,

he was sentenced to 54 months imprisonment to be followed by three years of supervised

release. Carston filed a pro se appeal. Counsel was appointed and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), requesting permission to withdraw because she is unable to find any non-frivolous issues for review. Carston was given notice of his counsel's desire to withdraw, but has not filed a pro se brief. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We will grant counsel's motion to withdraw and affirm the District Court's judgment of sentence.

As required by Anders, Carston's counsel has directed us to portions of the record that might arguably support an appeal. Counsel has identified two possible issues: (1) the extent of the District Court's downward departure; and (2) whether Carston's counsel was ineffective for failing to assert that he should have received additional "substantial assistance" credit.

As for the first issue, where a defendant is awarded a downward departure, and where there is no error in the application of the law or the guidelines, the defendant is not entitled to appeal the extent of the departure, as it is within the sentencing judge's discretion. United States v. Parker, 902 F.2d 221, 222 (3d Cir. 1990) ("The circumstances in which a defendant may appeal a sentence...do not include situations in which a defendant is seeking an enhanced downward departure."); see also 18 U.S.C. § 3742(a). The Government made a motion pursuant to U.S.S.G. § 5K1.1 to permit departure from the guideline range because Carston gave substantial assistance to the

2

Philadelphia Police Department by providing information that led to several arrests in drug-related homicides. The District Court exercised its discretion by departing downward from the 77 to 96 months imprisonment called for under the guidelines and imposed a sentence of 54 months. Accordingly, because the District Court exercised discretion and it did not err in applying the relevant statutory and guideline provisions, we do not have jurisdiction to review the extent of the downward departure.

Second, we do not think that the record, as it stands now, shows that counsel's performance fell below an objective standard of reasonably effective assistance. As we have observed in the past, where that is the case, a claim of ineffective assistance of counsel is most appropriately raised through a motion pursuant to 28 U.S.C. § 2255, which allows for further development of the record on this issue. See United States v. Givan, 320 F.3d 452, 464 (3d Cir. 2003).

For the reasons stated above, we will grant counsel's request to withdraw and affirm the judgment of sentence entered by the District Court.