

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-3-2004

# USA v. McClary

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4761

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. McClary" (2004). *2004 Decisions.* Paper 147.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/147

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4761

UNITED STATES OF AMERICA

v.

JEROME MCCLARY,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 03-00046)
Honorable James M. Munley, District Judge

Submitted under Third Circuit LAR 34.1(a)
October 29, 2004

BEFORE:  SCIRICA, Chief Judge, and FISHER and GREENBERG, Circuit Judges

(Filed:  November 3, 2004)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

    Jerome McClary appeals from a judgment of conviction and sentence entered on

December 9, 2003, following his plea of guilty in this criminal case.  His attorney has

filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967), and has

filed a motion pursuant to <u>Anders</u> requesting that the court grant him leave to withdraw as appellate counsel. In addition, McClary has filed a pro se brief addressing the merits of his appeal. McClary pleaded guilty to the conspiracy count of a two-count indictment charging him in the first count with conspiracy to distribute and possess with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. § 846 and in the second count with possession with intent to distribute in excess of 500 grams of cocaine. 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2.

At the sentencing it was conceded that, based on his prior record and the offense here McClary is a career criminal. McClary sought a departure from this designation on the theory that it overrepresented his criminal history. The court recognized that it could depart on this basis but declined to do so. The government, however, moved to depart pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) to reflect McClary's substantial assistance. The court granted this motion and departed downwards 3 levels from the offense level of 31 to a level of 28 which, with his criminal history category of VI, reduced his sentencing range from 188 to 235 months to 140 to 175 months. The court then departed an additional 4 levels to level 24 yielding a range of 100 to 125 months. It imposed a custodial sentence of 108 months followed by a four-year term of supervised release. McClary then appealed.

We deal first with a housekeeping matter. Insofar as we can ascertain, the docket sheets do not indicate that the second count of the indictment has been dismissed even

2

though the parties' plea agreement provides that "[a]fter sentencing, the United States will move for dismissal of any remaining counts," App. at 22, and the judgment of conviction and sentence recites that "[t]he remaining count of the indictment has been dismissed upon Government's motion." Id. at 1. If the district court has not dismissed the second count the government may move for its dismissal after completion of this appeal. On the other hand if the court has dismissed the count the docket sheets should be corrected to reflect the dismissal.

On the merits we will affirm insofar as McClary seems to claim that he was not a career offender as we reject this contention inasmuch as he had two prior felony convictions which were separate and not related. To the extent that McClary is challenging the court's refusal to depart further, we do not have jurisdiction for the district court recognized that it had the authority under U.S.S.G. § 4A1.3 "to further depart, but . . . did not feel it is warranted in this situation." App. at 155. See United States v. Parker, 902 F.2d 221 (3d Cir. 1990); United States v. Denardi, 892 F.2d 269 (3d Cir. 1989). Consequently, we grant his attorney's motion to withdraw.

The judgment of conviction and sentence entered on December 9, 2003, will be affirmed.

_____