**UNITED STATES of America,**

v.

**Robert ARMSTEAD, a/k/a Robert Woodson, Appellant.**

No. 03–3911.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 29, 2004.

Decided Nov. 30, 2004.

Andrea B. Grace, Office of United States Attorney, Philadelphia, PA, for Appellee.

Before RENDELL, ALDISERT and MAGILL,* Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Robert Armstead was charged with, and pled guilty to, conspiracy to distribute more than 50 grams of cocaine base, possession of cocaine base with the intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 924(c), respectively. The sentencing guideline range, based on the offenses to which Armstead pled guilty and his prior criminal history, was a minimum sentence of life imprisonment. Armstead subsequently cooperated with the Philadelphia District Attorney's Office, the United States Attorney's Office, the Drug Enforcement Agency ("DEA") and the Philadelphia Police Department in the investigation of a large-scale narcotics trafficking organization. As a result of this cooperation, the Government filed a motion, pursuant to U.S.S.G. § 5K1.1, to permit the District Court to depart downward from the mandatory minimum sentence of life imprisonment. At sentencing, the District Court imposed a sentence of 180 months imprisonment followed by 20 years of supervised release.

---

* Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

Armstead filed a timely appeal, claiming that the District Court's downward departure was insufficient based on his vulnerability to future prison abuse as a result of his cooperation with law enforcement authorities. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. We will affirm the District Court's judgment of sentence.

Where a defendant is awarded a downward departure, and where there is no error in the application of the law or the guidelines, the defendant is not entitled to appeal the extent of the departure, as it is within the sentencing judge's discretion. *United States v. Parker*, 902 F.2d 221, 222 (3d Cir.1990) ("The circumstances in which a defendant may appeal a sentence ... do not include situations in which a defendant is seeking an enhanced downward departure."); *see also* 18 U.S.C. § 3742(a). The Government made a motion to permit departure from the guideline range because Armstead gave substantial assistance to law enforcement authorities by providing information to further ongoing drug trafficking investigations. The District Court exercised its discretion by departing downward from the sentence of life imprisonment, as called for under the guidelines, and imposing a sentence of 180 months. In imposing this sentence, the District Court noted that the defendant was receiving a "substantial, I repeat a substantial departure for [his] cooperation."

While Armstead did not specifically argue that a downward departure was warranted due to potential prison abuse at sentencing, this factor was clearly taken into account by the District Court in its sentencing decision. The threat of reprisals against Armstead and his family was specifically mentioned in the District Court's order granting the Government's motion to allow for a downward departure

in Armstead's sentencing, and again addressed in the District Court's recommendation that Armstead not be housed in any facility where a co-defendant or someone he has testified against is located or situated. Accordingly, because the District Court exercised discretion and it did not err in applying the relevant statutory and guideline provisions, we do not have jurisdiction to review the extent of the downward departure.

For the reasons stated above, we will AFFIRM the Judgment and Commitment Order entered by the District Court.