

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2005

# USA v. Ramos

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1998

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Ramos" (2005). *2005 Decisions.* Paper 1068.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1068

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 04-1998

—————

UNITED STATES OF AMERICA

v.

LUIS RAMOS, A/K/A JULIO GARCIA, A/K/A JULIO ROBLES, A/K/A
JULIO ROBLES-GARCIA, A/K/A JUAN ABREU, A/K/A JULIO GARCIA
DELACRUZ

Luis Ramos, a/k/a Juan De Le Cruz,
Appellant

—————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(District Court Criminal No.: 02-cr-00801-1)
District Court Judge: Hon. Harvey Bartle, III

—————

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 29, 2005

Before: ALITO, SMITH, and ROSENN, Circuit Judges.

(Filed:  June 6, 2005)

—————

OPINION OF THE COURT

—————

PER CURIAM:

This is an appeal by defendant Luis Ramos from a conviction for several drug-related offenses, namely, conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846, unlawfully maintaining a place for the manufacture of controlled substances in violation of 21 U.S.C. § 856, distributing and aiding and abetting the distribution of one kilogram or more of heroin in violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute and aiding and abetting in the possession with intent to distribute of one or more kilograms of heroin in violation of 21 U.S.C. § 841(a)(1), and distribution and aiding and abetting in the distribution of a hundred or more grams of heroin in violation of 21 U.S.C. § 841(a)(1). Ramos pled guilty to the charges pursuant to a bargained-for plea agreement. Counsel for Ramos has filed a brief under Anders v. California, 386 U.S. 738 (1967), stating that, after careful review of the record, he cannot raise any meritorious issues and that the appeal is wholly frivolous. We are satisfied that counsel has fulfilled his Anders obligations, and we agree that the appeal is frivolous. We therefore grant counsel's motion to withdraw and dismiss the appeal.

Ramos is precluded from bringing an appeal due to a waiver contained in his plea agreement. Under the terms of the agreement, Ramos agreed to waive all direct appeals except in the case that his sentence exceeded the statutory maximum or the sentencing judge erroneously departed upward from the otherwise applicable sentencing guideline range. The sentencing court reviewed this provision with Ramos thoroughly during the

2

Rule 11 colloquy. "Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001). Ramos' only argument for why the waiver of appeal should not be enforced is that the scope and value of his assistance to Federal prosecutors warranted a further downward departure, and therefore to uphold the sentence without review would work a miscarriage of justice. Insofar as this argument fails to present a non-frivolous claim on the merits, it does not provide grounds for avoiding the waiver of appeal. See United States v. Parker, 902 F.2d 221, 222 (3d Cir. 1990) ("The circumstances in which a defendant may appeal a sentence . . . do not include situations in which a defendant is seeking an enhanced downward departure.").

Ramos also contends that he is entitled to resentencing as a result of the Supreme Court's decision in United States v. Booker, 160 L. Ed. 2d 621, 543 U.S.   , 125 S. Ct. 738 (2005). Our court has joined four other courts of appeals in holding that "where a criminal defendant has voluntarily and knowingly entered into a plea agreement in which he or she waives the right to appeal, the defendant is not entitled to resentencing in light of Booker." United States v. Lockett, 406 F.3d 207, 214 (3d Cir. 2005). Ramos agreed to a sentence governed by the pre-Booker sentencing regime, and is not entitled to the benefit of subsequent favorable legal developments.

For the foregoing reasons, we will affirm the judgment of conviction and sentence. Defense counsel's motion to withdraw is granted.