

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-26-2006

# USA v. Armstead

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3587

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"USA v. Armstead" (2006). *2006 Decisions.* Paper 838.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/838

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

_____

No. 05-3587

_____

UNITED STATES OF AMERICA,

v.

ROBERT ARMSTEAD a/k/a Ronald Woodson

Robert Armstead,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
No. 00-CR-0006
District Judge: Honorable J. Curtis Joyner

_____

Submitted May 12, 2006
Pursuant to Third Circuit L.A.R. 34.1(a)

Before: BARRY, SMITH and TASHIMA[*], *Circuit Judges*

(Opinion filed:  June 26, 2006 )

_____

OPINION

_____

_____

    [*]    Honorable A. Wallace Tashima, Senior United States Circuit Judge for the
Ninth Circuit Court of Appeals, sitting by designation.

TASHIMA, *Circuit Judge*:

This is defendant-appellant Robert Armstead's second appeal from his sentence. Armstead was convicted, on a plea of guilty, of conspiracy to distribute more than 50 grams of cocaine base, possession of cocaine base with the intent to distribute within 1,000 feet of a school, in violation of 21 U.S.C. §§ 846, 860, and 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). At the original sentencing hearing, the district court granted a downward departure, pursuant to U.S.S.G. § 5K1.1, from a mandatory minimum life sentence and imposed a sentence of 15 years' imprisonment. On appeal, we affirmed the judgment and commitment order because "we [did] not have jurisdiction to review the extent of the downward departure." *United States v. Armstead*, 117 Fed. Appx. 182, 183 (3d Cir. 2004) ("*Armstead I*"). On certiorari, the Supreme Court vacated our judgment and remanded for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *Armstead v. United States*, 543 U.S. 1181 (2005). We, in turn, remanded to the district court for resentencing.

On remand, the district court resentenced Armstead to the same sentence, *viz.*, 120 months' imprisonment on the drug offenses, a consecutive 60-month term of imprisonment on the firearm offense (for a total imprisonment of 180 months), to be followed by 20 years' supervised release. The district court also imposed a fine of $3,000

and a special assessment of $300. This timely appeal followed. Ordinarily, we have jurisdiction over sentencing appeals under 18 U.S.C. 3742.[1] Concluding that we have jurisdiction over this appeal, we reach the merits of Armstead's contentions and affirm the sentence.

## I.      Appellate Jurisdiction

It had been settled law under the Guidelines sentencing regime that a defendant could not appeal the extent of a discretionary grant of a downward departure. *See United States v. Parker*, 902 F.2d 221, 222 (3d Cir. 1990) (cited in *Armstead I*, 117 Fed. Appx. at 183); *United States v. Graham*, 72 F.3d 352, 360-61, 361 n.10 (3d Cir. 1995) (collecting cases). The government relies on those cases and on the Sentencing Reform Act of 1984 in contending that we have no appellate jurisdiction to review the sentence in this case. Specifically, it contends that there is no appellate jurisdiction under § 3742(a) because the sentence was not "imposed as a result of an incorrect application of the sentencing guidelines; or is greater than the sentence specified in the applicable guideline range. . . ." 18 U.S.C. § 3742(a)(2)-(3).

The government's contention, however, is foreclosed by our recent opinion in *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006), in which we concluded that there is

---

[1]      As we discuss below, the government challenges our jurisdiction over this appeal.

appellate jurisdiction over post-*Booker* sentencing appeals, in cases where the sentence is within the Guidelines, under 18 U.S.C. § 3742(a)(1), which provides for appellate review of sentences which were "imposed in violation of law." *See id.* at 327. Our jurisdiction in such cases is "to review [the] sentence for reasonableness under 18 U.S.C. § 3742(a)(1)."[2] *Id.* We now turn to that task.

## II. Is the Sentence Unreasonable

At sentencing, absent a downward departure, Armstead faced a statutory mandatory sentence of life imprisonment. Even without the statutory mininum sentence, the applicable Guidelines sentencing range called for a term of imprisonment of 21 to 27 years. Thus, in sentencing him to 10 years' imprisonment on the drug counts, plus the mandatory 60-month consecutive term for the firearm offense, the district court granted Armstead a substantial downward departure under U.S.S.G. § 5K1.1. In imposing sentence, in addition to taking the required factors into consideration, the court also considered, and rejected, Armstead's contention that he was entitled to a further reduction because of his behavior in prison since the first sentencing and his assertion that he was a changed man. We are satisfied that the sentencing court considered the § 3553(a) factors,

_____

[2] *Cooper*, however, confirms our pre-*Booker* case law that we continue to lack jurisdiction to review discretionary decisions to deny departures and challenges to the extent of a downward departure. 437 F.3d at 332-33. Thus, our review of the sentence on this appeal is limited to a "reasonableness" review.

*Cooper*, 437 F.3d at 330, and conclude that Armstead has failed to carry his "burden of demonstrating unreasonableness," *id.* at 332.

**AFFIRMED.**