

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2006

# USA v. Walker

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3970

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation
"USA v. Walker" (2006). *2006 Decisions*. Paper 755.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/755

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-3970

———

UNITED STATES OF AMERICA

v.

CLINT WALKER,

<u>Appellant</u>.

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cr-00043-3)
District Judge: Honorable John E. Jones III

———

Submitted Under Third Circuit L.A.R. 34.1(a)
June 8, 2006

Before: AMBRO, FUENTES, and NYGAARD,
<u>Circuit Judges</u>.

(Filed July 12, 2006)

———

OPINION OF THE COURT

———

FUENTES, Circuit Judge.

Defendant Clint Walker appeals his sentence of 57 months imprisonment on the ground that the sentencing judge abused his discretion by failing to downwardly depart as to his criminal history category. Because the District Court plainly acknowledged its ability to depart from the sentencing guidelines and made a discretionary decision not to do so, its decision is not reviewable by this Court. We therefore conclude that we lack jurisdiction and dismiss the appeal.

## I. BACKGROUND

Walker pled guilty to possession with intent to distribute cocaine pursuant to a plea agreement with the United States. The presentence report calculated a guideline range of 92-115 months imprisonment based on an offense level of 23 and a criminal history category of VI. The District Court accepted the Government's request for a five level downward departure from the guidelines to a range of 57-71 months. Walker requested a further criminal history downward departure, arguing that the Government's request exaggerated the seriousness of his past criminal conduct. The District Court denied this request and Walker was sentenced to 57 months in prison.

Walker does not challenge the District Court's decision to downwardly depart by five levels. He does argue, however, that the Court misapplied the sentencing guidelines by not properly taking into account that the sentence should reflect a lower criminal history category. Walker asserts that most of the criminal history points were assigned

based on a period of less than 60 days of criminal conduct over 15 years ago when he was under the influence of crack cocaine. He notes that if this period were left out of the calculation, his criminal history would be category II rather than category VI. As a consequence, Walker requests a review of the sentence by this Court pursuant to 18 U.S.C. § 3742(a)(2), asserting an incorrect application of the sentencing guidelines.[1]

## II. DISCUSSION

This Court lacks jurisdiction to review a district court's discretionary determination not to further downwardly depart from the sentencing guidelines. See United States v. Parker, 902 F.2d 221, 222 (3d Cir. 1990)("The circumstances in which a defendant may appeal a sentence are set forth in 18 U.S.C. § 3742(a) and do not include situations in which a defendant is seeking an enhanced downward departure."); United States v. Denardi, 892 F.2d 269, 271-72 (3d Cir. 1989). Nothing in United States v. Booker, 543 U.S. 220 (2005), altered this principle. United States v. Cooper, 437 F.3d 324, 332-333 (3d Cir. 2006).

As long as the District Court understood the advisory nature of the guidelines and its authority to grant a downward departure, the extent to which it downwardly departed is not reviewable by this Court unless there is an allegation of a legal error. See United States v. Cooper, 437 F. 3d at 332-33. The record of the sentencing hearing reflects the

---

[1]The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. As this is an appeal from a final decision of the District Court, we have jurisdiction pursuant to 28 U.S.C. § 1291.

District Court's proper consideration and understanding of its authority. Acknowledging its ability to downwardly depart, the District Court rejected Walker's claim, also taking into account the other § 3553(a) factors and the serious nature of the crime. (Appendix to Appellant's Brief at 42).

We cannot review the District Court's discretionary determination that a further downward departure requested by Walker was not warranted, and we therefore dismiss the appeal.